UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No.25-CR-198

ANDREW STANTON,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Brad D. Schimel, United States Attorney for the Eastern District of Wisconsin, and Benjamin Taibleson, Assistant United States Attorney, and the defendant, Andrew Stanton, individually and by attorney John Bradley, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2. The defendant has been charged in three counts of a three-count indictment, which alleges violations of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4), 875(c), and 2261A(2)(B).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about October 4, 2025, in the State and Eastern District of Wisconsin and elsewhere,

**ANDREW STANTON**

knowingly and recklessly threatened to assault and murder U.S. Customs and Border Protection Officer and Federal Bureau of Investigation Joint Terrorism Task Force Officer J.Z., with intent to impede, intimidate, and interfere with J.Z. while J.Z. was engaged in the performance of official duties, and to retaliate against J.Z. on account of J.Z.'s performance of official duties.

In violation of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Andrew Stanton was the sole user of TikTok accounts with usernames @halfdayandy1.1, @halfdayandy1.2, and @halfdayandy1.3. Stanton was also the sole user of telephone number 408-835-8596.

On or about August 29, 2025, Stanton posted a video to TikTok as @halfdayandy1.3 in which he stated, "We're not getting through to them [politicians] with using our words. That's never gonna happen. You have to use bullets." In a separate video posted on or about the same day, and which featured Stanton, Stanton superimposed text over a video post, and that text stated, "I imply the very TRUE statement that a violent state can only be stopped with violence in return. / Also, I think we should be OFFING federal agents / Also, I support 'terrorism' by their standard. Anti-imperialist by mine."

On September 5, 2025, federal law enforcement officers attempted to interview Stanton both in-person at 6603 23rd Avenue, Kenosha, Wisconsin and telephonically at 408-835-8596 but were unable to reach him. Federal law enforcement officers made similar attempts on September 9, 2025, but were again unable to reach Stanton.

2

On or about September 10, Stanton, as @halfdayandy1.3, posted a video to Tik Tok in which he stated, "When there are mass shootings, they are successful. People die and people are terrorized. You can apply that to other people. Federal agents." On or about the same day, he posted a video to the same account stating, "Long day for me, and I'm not necessarily out here to be eloquent. I just want to say one thing. Do more Charlie Kirks. Do a lot more Charlie Kirks."

On September 11, 2025, J.Z., who is a Customs and Border Protection Officer who has been assigned to the FBI Milwaukee Joint Terrorism Task Force since 2016, made additional attempts to contact Stanton both in-person at 6603 23rd Avenue, Kenosha, Wisconsin and telephonically at 408-835-8596. After these attempted contacts were unsuccessful, J.Z. texted the same number, "Hi Andrew, please call me when you have a chance." Stanton replied, "Who is this?" and J.Z. subsequently identified himself as "Joe," a supervisor with United States Customs and Border Protection assigned to the FBI. J.Z. indicated that he wished to speak to Stanton about statements Stanton had posted online. During the course of the conversation, Stanton made clear he had no interest in speaking with law enforcement. After J.Z. received a message from Stanton stating, "Go fuck yourself," J.Z. replied, "Copy. Thank you for your time." On or about September 11, 2025, and September 12, 2025, Stanton sent J.Z. a series of deliberately abusive messages and images, leading J.Z. to block the number. Messages from Stanton included:

> "Please die. It will help future generations"
>
> "Kill yourself fed"
>
> "Hang yourself in your wife's closet so she discovers your corpse" / "Or maybe in one of your kids rooms" / "You'd be doing them a favor"
>
> "Does that green uniform stain real bad?"
>
> "Let's meet" / "I'm not big into calling the cops so I'll bring my own form of justice. You've knocked on my door before. You know my address. Let me know when your [sic] on the way"
>
> "If you're actually a fed, which at this point I'm for sure doubting. I hope it's and [sic] 'illegal' that drops you, bury you, and piss on your grave / That would be some poetic justice wouldn't it?"

Stanton also sent a meme to J.Z. of an animated representation of Charlie Kirk with a bleeding neck wound. A caption accompanied the image which stated, "This should be a lesson on how To [sic] deal with fascists. You don't Debate [sic]

3

them, you delete them." Stanton meant J.Z. to understand that Stanton believed it would be appropriate for J.Z., and his coworkers, to be shot to death.

On or about September 11, 2025, Stanton, as TikTok user @halfdayandy1.3 posted a video which included portions of the text conversation between Stanton and J.Z. as well as the following caption, "To the agents on my file: Like I told the last guy, 'get fucked pig.'"

On or about October 4, 2025, Stanton, as TikTok user @halfdayandy1.2, posted a video in which he stated, "What the fuck are we even talking about here? If ICE shows up to your neighborhood – I'm sorry, I'm just gonna say it. It's time to start fucking shooting at them. If they show up to your neighborhood, and I'm talking to you, Border Patrol Officer Joe, it's time we start shooting at y'all." Stanton intended this threat to retaliate against J.Z., a federal law enforcement officer, for the performance of J.Z.'s official duties and to interfere with J.Z.'s performance of those duties going forward.

Stanton repeatedly posted to TikTok images of weapons and body armor along with threatening messages like those described above. Stanton's videos, including his threat to J.Z., were viewed hundreds of thousands of times on TikTok and liked and shared thousands of times.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 10 years and $250,000. The offense to which the defendant will enter a plea of guilty also carries a mandatory special assessment of $100 and a maximum of three years of supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

4

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of attempting to influence, impede, or retaliate against a federal official by threat as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

   1. The defendant threatened to assault or murder a Federal law enforcement officer.
   2. With intent to
       a. impede, intimidate, or interfere with such law enforcement officer while he or she was engaged in the performance of official duties, or
       b. with the intent to retaliate against such law enforcement officer on account of the performance of official duties

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The defendant acknowledges and agrees that his attorney has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties

5

may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 12 under Sentencing Guidelines Manual § 2A6.1(a)(1).

## Specific Offense Characteristics

17. The parties acknowledge and understand that the government will recommend to the sentencing court that a two-level increase is applicable to the offense level for the offense charged in Count One, pursuant to Sentencing Guidelines Manual §2A6.1(b)(5), because the

6

defendant made a public threatening communication that he knew or should have known created a substantial risk of inciting others to violate 18 U.S.C. § 115.

### Official Victim

18. The parties acknowledge and understand that the government will also recommend to the sentencing court that a six-level increase is applicable to the offense level for the offense charged in Count One, pursuant to Sentencing Guidelines Manual §3A1.2(a)(1) and (b) because the victim was a government officer or employee, the offense of conviction was motivated by such status, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person) of the Sentencing Guidelines.

### Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions.

### Sentencing Recommendations

20. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution, if any, and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

22. The government agrees to recommend a sentence at the bottom of the applicable sentencing guideline range, as determined by the court. The defendant is free to argue for a sentence of time served.

### Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

### FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form.

### Fine

27. The parties agree to recommend that no fine be imposed.

### Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

29. The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### DEFENDANT'S WAIVER OF RIGHTS

30. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

31. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

32. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

33. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

34. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

35. The defendant knowingly and voluntarily waives any claim or objection he may have based on statute of limitations or venue.

### Further Civil or Administrative Action

36. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including

11

any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

37. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

38. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

39. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

40. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

41. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the Court to be released from

12

specific obligations under this plea agreement to reflect the defendant's conduct if the defendant commits a federal, state, or local offense punishable by a term of imprisonment exceeding one year or violates a material term of the plea agreement. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

42. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

13

Case 2:25-cr-00198-PP-WED    Filed 02/13/26    Page 13 of 14    Document 28

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: Feb 5, 2026

ANDREW STANTON
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 2/13/26

JOHN BRADLEY
Attorney for Defendant

For the United States of America:

Date: 2/13/26

BRAD D. SCHIMEL
United States Attorney

Date: 2/13/26

BENJAMIN TAIBLESON
Assistant United States Attorney

14