AO 245B (Rev. 09/11) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|

v.

Andrew Stanton

Case Number:  25-cr-198
USM Number:  15930-512

| Jacob Idlas and John Bradley | Benjamin Taibleson |
|---|---|
| Defendant's Attorneys | Assistant United States Attorney |

THE DEFENDANT pled guilty to Count One of the Indictment. The court adjudicates him guilty of this offense:

| Title & Section | Nature of Offense | Date Concluded | Count |
|---|---|---|---|
| 18 U.S.C. §115(a)(1)(B) & (b)(4) | Attempt to Influence a Federal Officer by Threat | 10/4/25 | 1 |

The court sentences the defendant as provided in this judgment.  The court imposes the sentence under the Sentencing Reform Act of 1984.

The court ORDERS that the remaining counts of the indictment are DISMISSED on the motion of the United States.

The court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed:  June 18, 2026

_____
Hon. Pamela Pepper, Chief United States District Judge

Date Judgment Entered:  June 25, 2026

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT:  Andrew Stanton
CASE NUMBER:  25-cr-198

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  **One year (12 months) and 1 day**.

☒ The court makes the following recommendations to the Bureau of Prisons:
**That the Bureau of Prisons credit the defendant with any time served in federal custody prior to the date of sentencing.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By:  Deputy United States Marshal

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT:  Andrew Stanton
CASE NUMBER:  25-cr-198

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the Court or probation officer.  The defendant shall not commit another federal, state or local crime.  The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm.

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### CONDITIONS OF SUPERVISION

1. Unless directed otherwise by the probation officer, the defendant must report to the probation office in the federal judicial district where the defendant resides within 72 hours of release from imprisonment;
2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed;
3. The defendant must not own, possess, or have under the defendant's control a firearm, ammunition, destructive device, or dangerous weapon.
4. The defendant must not knowingly leave the federal judicial district without first getting permission from the court or the probation officer;
5. The defendant must follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision;
6. The defendant must answer truthfully the questions asked by the probation officer related to the conditions of supervision subject to his Fifth Amendment right against self-incrimination;

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT:  Andrew Stanton
CASE NUMBER: 25-cr-198

## CONDITIONS OF SUPERVISION

7. The defendant must work full-time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where he works or anything about his work (such as position or job responsibilities), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change;

8. The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change;

9. If the defendant knows someone is committing a crime, or is planning to commit a crime, the defendant must not knowingly communicate or interact with the person in any way;

10. The defendant must allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view;

11. If the defendant is arrested or questioned by law enforcement officer, the defendant must tell the probation officer within 72 hours;

12. The defendant must not make any agreement with a law enforcement agency to act as an informer or a special agent without first getting the permission of the court;

13. The defendant shall submit his person, property, house, residence, vehicle, office, papers, computers (as defined in 18 U.S.C. §1030(e)(1)), other electronic communications or data storage devices, or media, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches under this condition. An officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of his release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

14. The defendant must participate in the Cognitive Intervention Program, if available, and under the guidance and supervision of his supervising probation officer;

15. The defendant must participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by his probation officer, until such time as he is released from such program. The defendant must pay the cost of this program under the guidance and supervision of his supervising probation officer; and

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT:  Andrew Stanton
CASE NUMBER: 25-cr-198

16. Within 180 days of his release from custody, the defendant must make arrangements with his probation officer to meet with Judge Pepper.

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT:  Andrew Stanton
CASE NUMBER:  25-cr-198

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|:---:|:---:|:---:|
| **$100.00** | $0.00 | $0.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| PAYEE | AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
| TOTAL: |  |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐ The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ Restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT:  Andrew Stanton
CASE NUMBER:  25-cr-198

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The defendant's obligation to pay the $100 special assessment balance begins immediately.

After his release from custody, the defendant must make payments toward the remaining balance of the special assessment obligation of no less than $25 per month, until paid in full, to start thirty days after he is released from custody.

The defendant must make all criminal monetary penalty payments, except any payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) special assessment and (2)) costs (if any, including the costs of prosecution).